## Mount Sharon Cemetery Company.

*Corporations of first class — Application for charter — Sufficiency of — Practice.*

1. In applications for charters for corporations of the first class there should be filed, to remain upon the record, a signed copy of the petition and articles of incorporation and of the decree, so that the records of the court will be complete in themselves.

2. It is not necessary to aver in an application for such charter that the petitioners are citizens of the United States, or how the by-laws shall be adopted or membership acquired or lost.

3. In such case, an averment that the business is to be transacted in the county in which the application is made is sufficient. The averment as to the place of business is only to show jurisdiction in the court.

4. The Act of June 25, 1895, P. L. 310, providing for the right to issue stock in shares of $50 each relates only to existing corporations.

Exceptions to application for charter. C. P. Delaware Co., June T., 1922, No. 1030.

*Howard M. Lutz,* for exceptions; *Horace Paul Dormon,* contra.

BROOMALL, J., Oct. 3, 1922.—This application for a decree of incorporation comes before the court after advertisement according to law. It contains all of the essential ingredients prescribed by the 3rd section of the Act of April 29, 1874, P. L. 73. Under the act, we are required to "peruse and examine said instrument, and if the same shall be found to be in the proper form, and within the purposes named in the first class specified in the foregoing section, and shall appear lawful and not injurious to the community," it is entitled to be approved.

Preliminary to a consideration of these questions, it may be well to refer to a matter of practice. There was presented to the court an engrossed petition and articles of incorporation duly signed, and at the same time there was filed in court a copy of this petition and articles not signed. The engrossment with a decree is returned to the petitioners when the charter is granted, and although it is recorded in the office of the recorder of deeds, still there is nothing left in the records of this court but an unsigned petition and a decree, whereas the records of the court ought to be complete in themselves. The petition remaining on file should be signed. This is the practice indicated in Smith's Forms as long ago as 1862, page 117, edited by P. Frazer Smith, a member of the bar of long and extensive practice, and who became Supreme Court Reporter and edited thirty-two volumes of our State Reports. But the practice followed by the petitioners is in consonance with that which has pertained in this county for a number of years, and we do not feel called upon to withhold our approval on this account, but content ourselves with a reference to what is a better practice.

The exceptants have not objected on this account.

The first objection presented by the exceptants is that there is no averment that the petitioners are citizens of the United States. The answer to this is that, so far as the form of the petition is concerned, the Act of 1874 does not

require such averment as one of the essential ingredients. If the fact of alienage was shown, as was done in St. Ladislaus Ass'n, 19 Pa. C. C. Reps. 25, on which the exceptants rely, while not affecting the legal form of the petition, it might be the subject of consideration by the court in determining if the incorporation of aliens is injurious to the community.

But this question, by reason of the absence of proof on the subject, is not before us. If it were, we see no reason to conclude that the incorporation of alien citizens of the Commonwealth to provide for the burial of the dead would be unlawful or injurious to the community.

The second objection is that the place of business is not legally stated. The petition states that the place where the business of the corporation is to be transacted is in the County of Delaware. The act requires the place or places where its business is to be transacted to be stated. This is for the purpose of showing jurisdiction in the court, because by the 3rd section the application for incorporation must be made to the court of the county in which the business of the corporation is to be transacted. The act, in requiring place or places for the transaction of its business, indicates some area, and not merely a definite point. Naming the office of the proposed corporation is not a compliance with the act. The act says nothing about the office. Its business may be transacted in other place or places than its office: Enterprise Mutual Beneficial Ass'n, 10 Phila. 380. This provision is not for the purpose of specifying where service of legal process may be made. The service of legal process is provided for by other laws. Neither is it for the purpose of aiding communication with the Auditor General's office. That subject as to corporations of the second class is provided for in the 26th section of the act. The incorporation of corporations of the first class is not required to be communicated to the Auditor General. This requirement of the statute can only be for the purpose of showing the jurisdiction of the court, and a statement that the business is to be transacted in the County of Delaware is a sufficient compliance with the law.

The third objection is that the application does not show how the by-laws shall be adopted nor how the charter may be amended. But the law does not require these as essential ingredients of the petition. The law confers on the corporation the power to adopt by-laws, and this would be done by a majority vote of its members, and the law provides how the charter may be amended. This objection is not tenable.

The fourth objection is that the application does not show how the membership will be acquired and lost. Again, this is not one of the statutory ingredients. Besides, this being a corporation with capital stock, the ownership of the stock determines the membership. By the 7th section of the act, on the acquirement of stock, the person so acquiring becomes a member of the corporation. This objection cannot be sustained.

The fifth objection is that, in stating that the shares of stock shall be $10, the application does not conform to the requirements of the Act of June 25, 1895, P. L. 310. This act relates to corporations already formed. It provides for the right to issue stock to an amount not exceeding $250,000, in shares of $50 each, if a majority of the members [of the corporation] so ordain. It evidently refers to corporations already formed without the right to issue stock. This objection cannot be affirmed.

We, therefore, find: 1. The application is in the proper form. 2. It is within the purposes named in the first class in the Act of April 29, 1874. 3. It is lawful and not injurious to the community, and we make the decree as prayed for.          From A. B. Geary, Chester, Pa.
3 D. & C.